UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CLAY ROSS,<br><br>　　　　　Defendant. | Case No. 4:17-cr-00102-BLW-1<br><br>**REPORT AND RECOMMENDATION** |

On May 24, 2017, Defendant Ross appeared before the undersigned United States Magistrate Judge to enter a plea pursuant to a written plea agreement. (Dkt. 2.) The Defendant executed a waiver of the right to prosecution by indictment and a waiver of the right to have the presiding United States District Judge take his plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Information (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

Probation Office.

Because Defendant first appeared on the Information at the same day as the plea hearing, the Court took up release conditions and the presumption for detention in 18 U.S.C. Section 3142(e)(3)(E). The government did not file a motion for detention, and at the time of the plea hearing, requested the strict conditions recommended by pretrial services with minor modifications. The Court found the presumption was rebutted and that the combination of standard and additional conditions of release set by the Court should reasonably assure the appearance of the Defendant at the time of sentencing or otherwise required and the safety of any other person and the community pending imposition of sentencing. The Court also took into account the fact that Defendant appeared pursuant to a summons; will be residing with his mother who needs support following the death of her husband on May 1, 2017; will attend to certain health care needs while on release; and will be continuing in his counseling program.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Ross's plea of guilty to Count One of the Information (Dkt. 1);

2) The District Court order restitution and forfeiture consistent with Defendant Ross's admission to the Criminal Forfeiture allegation in the Information (Dkt. 1) and the Plea Agreement (Dkt. 2);

3) The District court continue Defendant Ross's release pending sentencing

pursuant to 18 U.S.C. Section 3143(a)(1), subject to the conditions of release set by the undersigned on today's date.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: May 24, 2017

*[signature]*
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE