CRIMINAL PROCEEDINGS - **Sentencing**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

Judge B. Lynn Winmill
Case No. **4:17-cr-102**
Place: Pocatello

Date: 9/14/2017
Deputy Clerk: Jamie Bracke
Reporter: Tammy Hohenleitner
Time: 10:31 - 11:56 a.m.

UNITED STATES OF AMERICA vs CLAY ROSS

Counsel for United States - Ann Wick
Counsel for Defendant - Michael Morrissey, Bryce Lloyd, and Flynn Carey
Probation - Jessie Thompson-Kelley

(X) The Court reviewed the case history.
(X) Objections to the Presentence Report were resolved.
(X) Linda Moore spoke on behalf of the defendant.
(X) Counsel made sentencing recommendations to the Court.
(X) Defendant made remarks on his own behalf.
(X) The Court adopted the Presentence Report.
(X) The Court granted a 2-level variance.
(X) The Court granted the Government's motion for 3rd point reduction for acceptance of responsibility.
(X) Offense level 35. Criminal history category of I. Guideline range 168-210 months.
(X) Court addressed 3553(a) factors and finds grounds to sentence outside the guideline range.

SENTENCE: Defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 132 months.

The defendant shall surrender to the institution designated by the Bureau of Prisons as notified by the United States Probation Office. The defendant is advised that it is a separate criminal offense subject to a consecutive sentence to fail to surrender as ordered by the court.

The defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Under the provisions of the Justice for Victims of Trafficking Act of 2015, the defendant shall pay an additional assessment of $5,000.

The Court finds the defendant does not have the ability to pay a fine, therefore the fine is waived.

The issue of restitution is deferred 90 days. A Restitution Hearing shall be held on November 7, 2017 at 9:00 a.m.

While in custody, the defendant shall submit nominal payments of not less than $25 per quarter pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

During the term of supervised release, the defendant shall submit nominal monthly payments of 10% of gross income, but not less than $100 per month, unless further modified by the Court.

The foregoing does not preclude collection efforts under 18 U.S.C. § 3613.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 10 years. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 5 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act in any state in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

The defendant shall pay any special assessment or other financial obligation that is imposed by this judgment in accordance with the Schedule of Payments as ordered by the Court.

The defendant shall comply with all general and special terms of supervised release, and all standard conditions of supervision, as outlined in the judgment in a criminal case, to be filed by this Court. The defendant shall also comply with the following special

conditions of supervision.

The defendant shall not be employed in any capacity related to minors nor shall defendant perform any unpaid or volunteer activities in this area during the term of supervised release without the permission of the probation officer.

The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

The defendant may not possess or use a computer (as defined in 18 § 1030(e)(1)) without prior permission from the probation officer.

The defendant shall comply with the requirements of the United States Probation Computer Monitoring Program as directed. The defendant shall consent to the United States Probation Office conducting ongoing monitoring of his computer(s), hardware, software, and other electronic devices/ media. The monitoring may include the installation, at the defendant’s expense, of hardware or software systems which allows evaluation of his computer use. Monitoring may also include the retrieval and copying of all data from his computer or other electronic devices/ media. Monitoring may occur at any time with or without reasonable suspicion of violations of supervised release or probation.

The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall abstain from the use of alcohol and shall not be present in any location where alcohol is the primary item of sale.

The defendant shall participate in a program of mental health treatment, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

As directed by a mental health professional, the defendant shall take all medications as prescribed. The cost of medication to be paid by both the government and the defendant based upon the defendant’s ability to pay.

The defendant will participate, at the direction of his probation

officer, in an evaluation for sexual deviancy by a qualified mental health professional who is experienced in treating and managing sexual offenders. The defendant agrees to waive any right to confidentiality and allow the treatment provider to supply a written report to the United States Probation Office.

The defendant will successfully participate in any course of treatment related to his offense, as directed by the probation officer, including but not limited to cognitive/behavioral treatment for sexual deviancy under the direction of a qualified mental health professional who is experienced in treating and managing sexual offenders. The defendant shall follow the rules of the treatment program as if they are the orders of the Court. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant will participate in polygraph testing at the direction of the probation officer and/or treatment staff to monitor compliance with treatment conditions and supervised release conditions specific to the supervision of a sex offender. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

Throughout the term of supervised release, the defendant shall participate in GPS monitoring, at the discretion of the probation officer, to ensure that the defendant does not frequent restricted locations. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall not knowingly have unsupervised contact with children under the age of eighteen without the written approval of his probation officer, and only in the company of an adult approved by the probation officer and treatment provider who is trained to serve as a chaperone for sexual offenders.

The defendant will not reside or loiter within 500 feet of schoolyards, parks, playgrounds, arcades or other places primarily used by children under the age of eighteen.

The defendant will not possess any obscenity, or sexually explicit or nudist visual material involving minors, or persons who appear to be minors, nor shall he knowingly patronize any place where such material or entertainment is available.

The defendant shall not possess any written text material describing sex with minors, except that which may be necessary to complete sex offender treatment (e.g., treatment journals, sexual autobiography), and to prepare collateral challenges to aspects of the defendant's case and/or sentence (e.g., presentence report, statutes, case law).

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

A Final Order of Forfeiture is forthcoming.

The Court recommends that the defendant be credited with all time served in federal custody, that the defendant be placed in the facility at Terminal Island, CA, and that the defendant participate in the RDAP program.

(X) Defendant advised of penalties for violation of terms and conditions of supervised release.

(X) Right to appeal explained.