UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLAY ROSS,<br><br>　　　　Defendant. | Case No. 4:17-cr-00102-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE** |

Pending before the Court is Defendant Clay Ross's pro se Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(1). (Dkt. 45). The Court finds oral argument would not significantly aid its decision-making process and decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). The Court denies Ross's motion.

## I. BACKGROUND

In 2017, Ross pled guilty to one count of receipt of sexually explicit images of minors in violation of 18 U.S.C. § 2252(a)(2). (*See* Dkt. 30 at p. 1). Ross possessed over 600 images depicting children, under the age of twelve, engaged in sexual acts with adults that were sadistic and masochistic in nature, and Ross admitted to viewing child pornography for at least five years. (Dkt. 22 at ¶¶ 1-2). Ross also distributed these images to undercover officers in exchange for items of value. (Dkt. 22 at ¶ 2). In September 2017, the Court sentenced Ross to 132 months of imprisonment. (Dkt. 30 at p. 2). After ninety-one months of imprisonment, Ross filed this motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. 45). Ross specifically

seeks to have his sentence modified "to home confinement so that he can care for his mother." (Dkt. 45-3 at p. 3).

## II. LEGAL STANDARD

Ross seeks modification of his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides a narrow exception to the general rule that courts cannot modify sentences of imprisonment. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). When a defendant moves for sentence modification, the burden is on the defendant to prove he is eligible. *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). To establish this eligibility, a defendant must prove: (1) he has exhausted his administrative remedies in seeking sentence modification; (2) extraordinary and compelling reasons justify modification of the sentence; (3) modification of the sentence is consistent with a relevant policy statement from the U.S. Sentencing Commission; and (4) the sentencing factors in 18 U.S.C. § 3553(a) favor the defendant. *Wright*, 46 F.4th at 945; 18 U.S.C. § 3582(c)(1)(A). A court may deny a defendant's motion for sentence modification if he fails to satisfy any one of these elements. *Wright*, 46 F.4th at 945.

## III. ANALYSIS

Ross has exhausted his administrative remedies, and his motion is properly before the Court. (Dkt. 45-3 at p. 4; Dkt. 48 at p. 6). He requests his sentence be modified to home confinement. (Dkt. 45-3 at p. 3). As a preliminary matter, the Court lacks authority to alter the location of a prisoner's confinement. *Wright*, 46 F.4th at 951. Despite that, the Court construes Ross's request for home confinement as a request for reduction of sentence to time-served with a term of supervised release that includes a condition of home detention. *See id.* (discussing defendant's request for home confinement under 18 U.S.C. § 3582(c)(1)(A)). Even so construed, the Court declines to reduce Ross's sentence because Ross fails to show any extraordinary and

MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION FOR
MODIFICATION OF SENTENCE - 2

compelling reasons justify modification. Moreover, reduction of Ross's sentence would not be consistent with the relevant sentencing factors.

A.  **Extraordinary and Compelling Reasons and the Relevant Commission Policy Statement**

Ross argues his situation presents two extraordinary and compelling reasons: his own health conditions and the incapacitation of his mother. (Dkt. 45-3 at p. 5). Under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must prove that "extraordinary and compelling reasons" justify a reduced sentence and that the reduction is consistent with a policy statement issued by the Sentencing Commission. The Commission has issued guidelines regarding when "extraordinary and compelling reasons" exist. *See* U.S.S.G. § 1B1.13(b). While § 1B1.13 is not binding on this Court, it can provide guidance when determining whether to grant a defendant's request for a reduced sentence. *See United States v. Gonzalez*, No. 23-634, 2024 WL 705711, at *2 (9th Cir. Feb. 21, 2024).

First, Ross argues he is "needed" to care for his mother "who is in poor health and requires care." (Dkt. 45-3 at p. 5). Section 1B1.13(b)(3)(C) of the Guidelines contemplates the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" as an extraordinary and compelling reason for sentence reduction. Many inmates have aging and sick parents, however, and that status alone does not create an extraordinary and compelling reason for sentence release. *See United States v. Corrales*, No. 4:14-CV-00099-BLW, 2024 WL 3276836, at *3 (D. Idaho July 1, 2024); *United States v. Taveras*, No. 4:19-cr-40049-MRG-5, 2024 WL 1606013, *3 (D. Mass. Apr. 12, 2024).

Here, Ross contends his mother "requires a trusted family member to be present with her at her medical appointments for her to comply with the doctor's care instructions." (Dkt. 45-3 at p. 5). Ross attaches a note from his mother's doctor indicating that his mother could "benefit" from

**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE - 3**

live-in care. (Dkt. 45-5 at p. 9). Ross has not posited, however, that his mother is indeed incapacitated. (*See* Dkt. 45-5 at p. 9) (doctor's note indicating mother suffers from "severe carpal tunnel syndrome, advanced osteoarthritis, and generalized anxiety"). The doctor did not state and Ross does not allege that his mother "lacks the ability to meet essential requirements for physical safety, safety, or self-care." *See Taveras*, 2024 WL 1606013, at *4 (quoting Unif. Prob. Code § 5-102(4) (revised 2019)). Additionally, Ross does not contend he is his mother's *only* available caregiver. *See* U.S.S.G. § 1B1.13(b)(3)(C). Ross's sister wrote a letter regarding the care she provides to their mother. (Dkt. 45-5 at p. 8). Although Ross's sister states she is in "no position, condition or willing to commit to/or provide primary care-giving," (Dkt. 45-5 at p. 8), that alone does not establish Ross is the only available caregiver for his mother. *See* U.S.S.G. § 1B1.13(b)(3)(C); *Corrales*, 2024 WL 3276836, at *3. Accordingly, Ross has failed to show his family circumstances provide an extraordinary and compelling reason to modify his sentence.

Second, Ross argues his own medical circumstances justify reduction of his sentence. (Dkt. 45-3 at pp. 6-7). Section 1B.13(b)(1) details when a defendant's medical circumstances are sufficiently extraordinary and compelling, including where

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B.13(b)(1)(D).

**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE - 4**

Ross contends that he suffers from Asthma and Hypertension and that these conditions make him more susceptible to complications or death from COVID-19. (Dkt. 45-3 at pp. 6-7). The Government acknowledges these conditions place Ross at a higher risk of severe COVID-19. (Dkt. 48 at p. 7). Despite that, Ross fails to establish an "ongoing outbreak of infectious disease" or a public health emergency exists. Relatedly, the Government notes Ross's prison facility reports zero current COVID-19 infections. (Dkt. 48 at p. 7). Ross urges the Court to take the Government's report "with caution because no testing has been done recently." (Dkt. 45-3 at p. 7). The lack of testing, however, further cuts against Ross and indicates the lack of an ongoing outbreak or public health emergency at the facility.

Even if COVID-19 still constituted an ongoing outbreak or health emergency, Ross fails to establish his associated risks cannot be mitigated. *See* U.S.S.G. § 1B.13(b)(1)(D)(iii). The mere fact that risk exists is not enough; a defendant must also prove efforts to mitigate would be unavailable. *United States v. Murdoch*, No. 1:22-cr-00148-DCN, 2024 WL 1374966, *3 (D. Idaho Apr. 1, 2024). Of note, the Government contends Ross has refused to be vaccinated against COVID-19. (Dkt. 48 at p. 7). Such refusal further undercuts Ross's contention that his purported elevated risk from COVID-19 constitutes an extraordinary and compelling circumstance. *See United States v. Miller*, No. 3:18-CR-00139-BLW, 2021 WL 3669314, at *2 (D. Idaho Aug. 18, 2021) ("District courts in the Ninth Circuit have, however, found that the refusal of a COVID-19 vaccination undercuts requests for compassionate release."). In short, Ross's medical conditions do not amount to an extraordinary and compelling reason to reduce his sentence. Accordingly, in the absence of any extraordinary or compelling circumstances, the Court denies Ross's motion for reduction of sentence.

B.       **Section 3553(a) Sentencing Factors**

Even if Ross established extraordinary and compelling circumstances, the sentencing factors do not support a reduced term of imprisonment. *See Wright*, 46 F.4th at 945 (noting a defendant must satisfy all predicates under § 3582(c)(1)(A)). As set forth in 18 U.S.C. § 3553(a), sentencing factors include the "nature and circumstances" of the offense and the defendant's history and characteristics; the need to promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public, and provide the defendant with correctional treatment; and the need to avoid unwarranted sentencing disparities among similar defendants. 18 U.S.C. § 3553(a); *see* 18 U.S.C. § 3582(c)(1)(A) (providing sentencing factors should be considered "to the extent they are applicable").

Ross acknowledges the nature and circumstances of his offense are "extremely serious" and weigh against him. (Dkt. 45-3 at p. 8). Ross contends, however, the second factor is in his favor because a sentence reduction releasing him to home confinement adequately reflects the gravity of his offense, deters future conduct, protects the public, and would allow him to obtain healthcare for both himself and his mother. (Dkt. 45-3 at p. 13). In support, Ross argues he has served more than the statutory minimum, will register as a sex offender, has been rehabilitated, and has a minimum risk of recidivism. (Dkt. 45-3 at pp. 11-12).

The Court is unpersuaded. First, as Ross acknowledges, his offense conduct was incredibly grave. (*See* Dkt. 45-3 at p. 8). Indeed, as recognized at Ross's sentencing, the nature of his offense commands a sentence of equal proportion. (Dkt. 41 at p. 47, l. 25-p. 50, l. 16). Further, although Ross asserts his recidivism risk level is "minimum," Ross does not aver he has participated in treatment or rehabilitation specific to child pornography offenders. (*See* Dkt. 45-3 at pp. 8-13). As noted at sentencing, however, a psychosexual evaluation found Ross poses an increased risk of

reoffending with a similar offense in the absence of treatment. (Dkt. 41 at p. 49, ll. 11-13; *see* Dkt. 22 at ¶¶ 73-81). Also relevant, the psychosexual evaluator noted Ross may be successful in a community setting if closely supervised, engaged in treatment, and supported by a community structure. (*Id.* at ¶ 81). Ross's request for home confinement does not contemplate, for example, that Ross will engage in treatment or will have any support. Based on these reasons and the potential risk to the public, home confinement is not appropriate. *See United States v. Leafstedt*, 848 F. App'x 355, 356 (9th Cir. 2021).

Ross also argues his sentence is inconsistent with average sentences from 2021 and contends his sentence is disparate. (Dkt. 45-3 at pp. 13-15). Ross does not explain why he references average sentences from 2021 when he was sentenced in 2017. That aside, at sentencing, the Court calculated Ross's guideline sentence range as 168 to 210 months. (Dkt. 41 at p. 43, l. 24-p. 44, l. 1). Ultimately, Ross was sentenced 132 months. (Dkt. 30). The Court arrived at that sentence after carefully considering the § 3553(a) sentencing factors. Indeed, the Court determined certain aggravating factors necessitated more than a mandatory minimum sentence in this case. (Dkt. 41 at p. 50, ll. 6-8). Although Ross argues his sentence is longer than average, he does not attempt to identify whether the "average sentence" included similar aggravating factors. As such, the Court disagrees that Ross's sentence is disparate or that reducing his sentence now would remedy any putative disparity. Accordingly, in addition to the lack of extraordinary and compelling circumstances, the sentencing factors also do not support reducing Ross's sentence.

## IV. ORDER

**IT IS SO ORDERED** Defendant's Motion for Modification of Sentence (Dkt. 45) under 18 U.S.C. § 3582(c)(1) is **DENIED**.

DATED: August 05, 2024

Amanda K. Brailsford
U.S. District Court Judge